UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JARED A. FREEDMAN, individually,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,
a Texas Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT**
**JURY DEMAND**

    1.    Plaintiff JARED A. FREEDMAN alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Plaintiff alleges that Defendant has incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff.  Defendant proceeded to unlawfully place telephone calls Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. auto-dialer) without any prior express consent to call said cellular telephone number.  Notwithstanding Plaintiff's please to cease any further communications, Defendant continued to call, resulting in an intrusion upon the Plaintiff's right to privacy and generally causing Plaintiff distress. Consequently, Plaintiff brings the instant action under the TCPA seeking statutory

damages, declaratory judgment, and injunctive relief for the more than one hundred sixty-nine (169) calls illegally placed to Plaintiff's cellular telephone.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332(a). There is diversity of citizenship between the parties and more than $75,000 dollars in controversy, exclusive of interest and costs. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, JARED A. FREEDMAN ("Plaintiff"), is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the account holder and exercises dominion over the cellular telephone which Defendant was calling.

4. Defendant, SANTANDER CONSUMER USA, INC. ("Defendant") is a foreign corporation, engaged in the financial services industry (i.e. auto loans), with its principal place of business at 8585 North Stemmons Freeway, Suite 1100-N, Dallas (Dallas County), Texas 75247 and is incorporated in the State of Texas; therefore, Defendant is a corporate citizen of the State of Texas.

5. Defendant regularly engages in interstate commerce by using the mail and telephone in a business, which markets and sells various automobile-related

financial products and also by collecting consumer debts using its telephonic capabilities.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute.  *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

8. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e. auto-dialer).  *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No.

02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

9. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

10. Furthermore, the FCC has specifically rules that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-14093 at ¶ 133.

11. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

12. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't, 2008).

## **FACTUAL ALLEGATIONS**

13. The instant lawsuit stems from the telephonic collection efforts of Defendant over the last year; in sum, Defendant called Plaintiff approximately one hundred sixty-nine (169) times seeking to collect an alleged "debt" of $8,063.51 dollars arising from Plaintiff having financed an automobile loan for a 2005 Ford Explorer.

14. Defendant also called Plaintiff's friends and family members and impermissibly disclosed the alleged debt to said third parties.

15. Defendant made calls to Plaintiff's cellular telephone which were not dialed by human hands.

16. That on some occasions, Plaintiff would wait to speak with an employee of Defendant but often no one was there to even pick up their own telephone call.

17. That upon information and belief, Defendant has previously admitted in other litigation that it regularly uses an automatic telephone dialing system, often referred to as an "auto-dialer" or "predictive dialer."

18. That upon information and belief, Defendant publishes an internal manual for its employees, which refers to its own calling system as a "predictive dialer" no less than three times.

19. That upon information and belief, Defendant utilizes a predictive dialer system with the trade name of "Aspect" which is also the name of a product sold by Aspect Software, Inc.; said corporation sells, among other things, software which "***automates*** *early-stage collections and enables expert agent engagement for a more effective delinquent account targeting strategy to improve collections results.*"   (Source:  http://www.aspect.com/Pages/Products/Outbound-Dialer.aspx) (boldface added).

20. On those occasions where the call was transferred to a human operator, the operator would identify themselves as a representative from "Santander Consumer USA" and asked to speak with Plaintiff about his alleged automobile deficiency with Defendant.

21. Plaintiff requested that Defendant's various representatives to stop calling him on approximately thirty (30) occasions, from on or about November 2010 to on or about April 2011.

22. Plaintiff maintains that in spite of his numerous attempts to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone more than one hundred times over the last year.

23. Plaintiff maintains that Defendant's attempt to collect the alleged debt, including but not limited to the large volume of telephone calls, was unlawful

as Defendant did not have any prior express consent from Plaintiff to call his cellular telephone using an auto-dialer.

24. That Defendant made telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff.

25. That Defendant either willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiffs incorporate Paragraphs 1 through 25.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff JARED A. FREEDMAN requests that the Court enter judgment in favor of Plaintiff and against Defendant SANTANDER CONSUMER USA, INC. for:

    a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b. $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA,

    e.    Attorney's fees, litigation expenses and costs of the instant suit; and

    f.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Dated this 23rd day of July, 2011.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Lead Attorney for Plaintiff Jared A. Freedman*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com


By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

ERIK S. KARDATZKE, ESQ.
*Co-counsel to Plaintiff Jared A. Freedman*
Debt Defense, P.L.
6915 Red Road, Suite 200
Coral Gables, FL  33143
Telephone: 305-444-4323
Facsimile: 305-444-4107
legal@debtdefenselaw.com

By: /s/ *Erik S. Kardatzke*
Erik S. Kardatzke, Esq.
Florida Bar No. 017862